IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYL R. BEAN, <br> JEREMY MOSBY, <br> and JAMES BUTLER, <br><br> Plaintiffs, <br><br> vs. <br><br> PUBLIC DEFENDER'S OFFICE <br> OF ST. CLAIR COUNTY, ILLINOIS, <br> THOMAS PHILO, <br> and JOHN O'GARA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-625-NJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This *pro se* action was filed pursuant to 42 U.S.C. § 1983 by three pretrial detainees at St. Clair County Jail, including Daryl Bean, Jeremy Mosby, and James Butler (Doc. 1).  In the complaint, Plaintiffs claim that they were provided with ineffective assistance of counsel in their criminal cases by Thomas Philo, who is employed by the Public Defender's Office in St. Clair County, Illinois (Doc. 1, p. 6).  Plaintiffs now sue Thomas Philo (assistant public defender), John O'Gara (public defender), and the Public Defender's Office for violations of their federal constitutional rights.  They seek declaratory judgment and monetary damages (Doc. 1, pp. 11-12).

At the time of filing this action on June 2, 2014, Plaintiffs failed to pay a filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP Motion").  On June 3, 2014, the Court mailed each Plaintiff a letter advising him of his obligation to pay the fee or file an IFP Motion within thirty days, *i.e.*, by July 2, 2014 (Doc. 4).  Plaintiffs were warned that failure to take

action by this deadline would result in dismissal of the case. On June 13, 2014, the Court entered a formal order to this effect, which also required all Plaintiffs, except "lead" Plaintiff Bean, to advise the Court in writing of their intentions to proceed in this group action (Doc. 5).

The deadline for taking action has now passed. Plaintiffs Bean and Mosby complied with the Court's orders in a timely manner (Docs. 8-10). Accordingly, Plaintiffs Bean and Mosby shall continue as Plaintiffs in this action.

However, Defendant Butler shall be dismissed. He has not signed any pleadings filed in this action to date. The Court has received no communications from him, and all communications that the Court sent to him have been returned as undeliverable (Docs. 6, 12). By all indications, Defendant Butler has had no involvement in this case, beyond being listed as a party in the case caption on all pleadings and included in the allegations of the complaint. Under the circumstances, he shall be **DISMISSED** from this action without prejudice, and no filing fee shall be assessed against Defendant Butler.

### Merits Review Pursuant to 28 U.S.C. § 1915A

The complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed.

### The Complaint

At the time of filing this action, Plaintiffs Bean and Mosby were pretrial detainees at St. Clair County Jail (Doc. 1, p. 5). Thomas Philo, who is employed by the Public Defender's Office in St. Clair County, Illinois, represented both Plaintiffs in their criminal cases (Doc. 1, p. 6). Defendant Philo allegedly provided Plaintiffs with inadequate legal representation (Doc. 1, pp. 5-11).

According to the complaint, Defendant Philo is a former prosecutor, who was personally involved in prosecuting the criminal defendants he now represents. He is allegedly so biased that he "allow[s] the states attorneys (sic) office to prosecute defendants without resistance"

(Doc. 1, p. 14). He undermined Plaintiffs' cases by providing what the complaint describes as "[d]rive-[t]hru [c]ourthouse representation," aimed at pressuring Plaintiffs into pleading guilty (Doc. 1, p. 7).

When Plaintiffs refused, Defendant Philo allegedly undertook few efforts to defend them. According to the complaint, he misled Plaintiffs about their criminal charges, requested continuances while pressuring them to plead guilty, failed to investigate their cases, refused to interview witnesses, and failed to prepare them for trial, among other things. In Plaintiff Bean's case, Defendant Philo also failed to provide representation of Plaintiff at his preliminary hearing, neglected to challenge police and prosecutorial misconduct, failed to address conflicts of interest, filed only one motion on Plaintiff's behalf, and failed to request a special prosecutor (Doc. 1, pp. 8, 13-17). In Plaintiff Mosby's case, Defendant Philo also allegedly failed to file motions to suppress evidence (Doc. 1, p. 10).

Plaintiffs informed Defendant Philo's direct supervisor, John O'Gara, about their concerns (Doc. 1, p. 6). However, Defendant O'Gara did not admonish Defendant Philo or otherwise deter him from providing substandard legal representation. The complaint goes on to allege that the Public Defender's Office discriminates against clients with criminal histories, fails to communicate with them, and pressures them into pleading guilty (Doc. 1, p. 11).

Plaintiffs Bean and Mosby now sue the Public Defender's Office, John O'Gara, and Thomas Philo under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments (Doc. 1, p. 12). They seek declaratory judgment and monetary damages (Doc. 1, pp. 11-12).

## Discussion

Plaintiffs' claim for constitutional violations against Defendants arising from the ineffective assistance of counsel (**Count 1**) does not survive preliminary review. A plaintiff

cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). In order to state a cause of action under § 1983, a plaintiff must allege that some person acting under color of state law has deprived him of a federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). It has long been held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiffs' complaint takes issue with exactly that. It challenges Defendant Philo's handling of Plaintiffs' criminal cases from start to finish. This includes his explanation of the criminal charges, his exertion of pressure on them to plead guilty, his failure to file motions on their behalf, his case preparation, and his failure to prepare Plaintiffs for trial, among other things. These are "traditional functions of counsel to a criminal defendant." *Polk*, 454 U.S. at 318. Defendant Philo was not acting under color of state law and is not amenable to suit for what is, in essence, a legal malpractice claim under § 1983.

The Supreme Court has recognized that an otherwise private person can be found to be acting "under color of state law" when engaged in a conspiracy with state officials to deprive another of his federal rights. *See Tower v. Glover*, 467 U.S. 914 (1984). The complaint mentions "conspiracy" in connection with Plaintiffs' claims. However, it is not enough to mention the term. In order to state a civil conspiracy claim, the pleading must "indicate the

parties, general purpose, and approximate date. . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). "A generalized allegation of conspiracy that fails to identify the timing, scope, and terms of the agreement . . . will not satisfy even the minimal requirements of notice pleading under Fed. R. Civ. P. 8." *Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006), citing *Ryan v. Maty Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). No such details are provided in the complaint. Instead, the term is mentioned in connection with Defendant Philo's general bias, based on his prior job as a prosecutor—not in connection with an agreement with any particular person to deprive Plaintiffs of their constitutional rights in connection with their criminal cases. Therefore, this passing reference to "conspiracy" does not form the basis of a claim under § 1983. The Court gleans no other basis for relief in the complaint.

And even if the conspiracy claim had some merit, a federal district court would abstain from deciding Plaintiffs' claims while the criminal proceedings are still pending. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal court may not enjoin ongoing criminal proceeding). Under *Younger*, federal courts are required to abstain from interfering in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The *Younger* abstention doctrine is implicated here, because Plaintiffs' ongoing criminal

proceedings[1] are judicial in nature and involve the important state interest of adjudicating violations of state criminal laws. Further, there is no indication that the state proceedings would not provide Plaintiffs with an adequate opportunity for review of any constitutional claims. And finally, no extraordinary circumstances are apparent which require federal intervention at this stage. Therefore, even if Plaintiffs presented a colorable claim under § 1983, this Court would be compelled to stay Plaintiffs' claims while the criminal action is pending. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (holding that district court was required to stay, as opposed to dismiss, under *Younger* abstention doctrine, detainee's § 1983 claims of damages resulting from illegal searches, seizures, and detentions, because monetary relief was not available in his defense of criminal charges and because his claim could become time-barred). No potentially meritorious § 1983 claim has been presented here, however, so dismissal of Plaintiffs' claim against Defendant Philo is appropriate.

Plaintiffs' related, though vague, allegations against Defendants Public Defender's Office and O'Gara also state no claim for relief. They are based on a *respondeat superior* theory of liability which § 1983 will not support. *See Polk*, 454 U.S. at 325 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). Accordingly, Plaintiffs' claim against these defendants fails.

Plaintiffs' remedy is in state court. In the civil context, their claim is essentially one for legal malpractice. In the criminal context, they may have a claim on appeal or in a collateral

---

[1] Had Plaintiffs been convicted prior to filing this action, it would still be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reverse on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). *See also Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("*Heck* does not apply absent a conviction.") (citing *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010)).

attack for ineffective assistance of counsel. The Court expresses no opinion on the merits of these claims. Based on the foregoing discussion, **Count 1** shall be dismissed. However, the dismissal shall be without prejudice to Plaintiffs pursuing a claim for possible relief under Illinois law.

### Pending Motions

Plaintiff Mosby has filed a motion to continue as plaintiff in this action (Doc. 8), which is hereby **GRANTED**.

Plaintiffs Bean and Mosby have each filed a motion for leave to proceed *in forma pauperis* (Docs. 9, 10), which shall be addressed in a separate Order of this Court.

All other pending motions (Docs. 2 and 3) are hereby **DENIED** as **MOOT**.

### Disposition

The Clerk is **DIRECTED** to mail a copy of this Order to all Plaintiffs listed in the case caption, including Plaintiffs Bean, Mosby, and Butler.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) and this action are **DISMISSED** without prejudice. Defendants are **DISMISSED** without prejudice. Plaintiff **JAMES BUTLER** shall not be assessed a filing fee for this action.

Plaintiffs **BEAN** and **MOSBY** are **ADVISED** that this dismissal shall count as one of their allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiffs' obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] for each Plaintiff remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[2] Plaintiffs' IFP Motions are still pending. For any IFP Motion that is denied, an additional $50.00 administrative fee will be assessed, resulting in that Plaintiff's obligation to pay $400.00 for this action, instead of $350.00.

If Plaintiffs wish to appeal this dismissal, they may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiffs plan to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiffs do choose to appeal, they will each be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiffs may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[3] FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 25, 2014**

Digitally signed by Nancy J Rosenstengel
Date: 2014.07.25 10:51:56 -05'00'

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).